# IN THE WESTERN DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL W. HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 08-0362-CV-W-FJG |
| | ) |
| CLAY COUNTY, MISSOURI, | ) |
| PAUL VESCOVO, SUSIE JAMES, and | ) |
| ASSISTANT ATTORNEY GENERAL OF | ) |
| THE STATE OF COLORADO, | ) |
| PAUL CHESSIN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court are (1) Defendant Chessin's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, and Improper Venue (Doc. No. 15); (2) Defendant Chessin's Suggestion in Support of his Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted (Doc. No. 20)[1]; (3) Defendant Chessin's Suggestion in Support of his Motion to Stay Discovery (Doc. No. 21)[2]; (4) Plaintiff's Motion for Leave to File Supplemental Suggestions in Opposition to Defendant Chessin's Motion to Dismiss for Failure to State a Claim, with Suggestions in Support (Doc. No. 27); and (5)

---

[1] From the record, it appears that defendant did not file a formal motion for failure to state a claim upon which relief can be granted, and simply filed suggestions in support of said motion. See Doc. No. 20. However, the Court will treat these suggestions in support as a properly filed motion for purposes of this Order.

[2] Again, instead of filing a formal motion and suggestions in support, defendant has filed just his suggestions in support and no formal motion. Again, the Court, for purposes of this Order, will treat this as a properly filed motion.

Defendant Paul Chessin's Motion for 14 Day Enlargement of Time to File Reply in Support of his Fed. R. Civ. P. 12(b)(6) Motion to Dismiss and Reply to Plaintiff's Opposition to the Stay (Doc. No. 31). Each will be considered below.

**I.      Background**

This case arises from plaintiff's April 15, 2008, arrest by Clay County Sheriff's Department officers. Defendant Paul Chessin is an assistant attorney general for the State of Colorado. Complaint, Doc. No. 1, ¶ 5. Plaintiff alleges that defendant Chessin was investigating a company known as "Cash Advance," and that various subpoenas were issued to Cash Advance. Complaint, Doc. No. 1, ¶¶ 12, 13. When Cash Advance did not comply with the subpoenas, defendant Chessin allegedly filed an ex parte application in a Colorado trial court for an order directing Cash Advance and its officers to comply with the subpoena, and the trial court entered such an order. Complaint, Doc. No. 1, ¶¶ 16-17. Defendant Chessin identified plaintiff as an officer of Cash Advance, but plaintiff alleges that copies of the Colorado motions and orders were not served on plaintiff. Complaint, Doc. No. 1, ¶¶ 15, 19, 21, 22. Plaintiff alleges that, on March 25, 2008, a warrant was issued for plaintiff's arrest for failure to appear at a Colorado hearing (of which plaintiff alleges he had no notice). Complaint, Doc. No. 1, ¶ 27. The warrant allegedly was issued to "Any person authorized by law to execute warrants within the State of Colorado." Complaint, Doc. No. 1, ¶ 28.

Plaintiff alleges that, prior to his arrest, defendant Chessin placed several telephone calls to the Clay County, Missouri Sheriff's Department regarding the arrest warrant, allegedly instructing and demanding the officers to arrest plaintiff no matter what. Complaint, Doc. No. 1, ¶¶ 38, 39. Plaintiff alleges that defendant Chessin did this, knowing

2

that he had no legal authority to act outside the State of Colorado. Complaint, Doc. No. 1, ¶¶ 37, 40. Plaintiff alleges the arrest warrant was unlawful, and that it was later quashed. Complaint, Doc. No. 1, ¶ 65.

Plaintiff has named as defendants Clay County, Missouri; Paul Vescovo; Susie James; and Paul Chessin. Plaintiff brings causes of action for (1) deprivation of Constitutional rights, in violation of 42 U.S.C. § 1983, against all defendants; (2) false imprisonment against all defendants; (3) malicious prosecution against defendant Chessin; (4) negligence against defendant Chessin; and (5) negligence against defendants Clay County, Vescovo and James.

## II. Defendant Paul Chessin's Motion for 14 Day Enlargement of Time to File Reply in Support of his Fed. R. Civ. P. 12(b)(6) Motion to Dismiss and Reply to Plaintiff's Opposition to the Stay (Doc. No. 31)

Initially, the Court will consider Defendant Paul Chessin's Motion for 14 Day Enlargement of Time to File Reply in Support of his Fed. R. Civ. P. 12(b)(6) Motion to Dismiss and Reply to Plaintiff's Opposition to the Stay (Doc. No. 31, filed on August 28, 2008). Defendant Chessin indicates that counsel for plaintiff has no objection to a seven-day extension of time, but objects to a 14-day extension of time. Defendant Chessin filed his reply in support of his motion to dismiss on Friday, September 12, 2008.

The Court will **GRANT** defendant's motion for extension of time, and will treat Defendant Chessin's reply suggestions (Doc. No. 33) as timely-filed.[3]

---

[3] The Court notes that defendant Chessin also requested an extension of time to reply to its motion to stay, but did not file reply suggestions to the motion to stay on or before September 12, 2008. The Court finds that reply suggestions are not necessary for the Court to make a decision as to this matter; whether to stay discovery depends entirely on the outcome of the motion to dismiss for failure to state a claim (Doc. No. 20).

3

**III.    Defendant Chessin's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, and Improper Venue (Doc. No. 15)**

Defendant Chessin moves to dismiss plaintiff's complaint in its entirety due to lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

### A.    Personal Jurisdiction, Rule 12(b)(2)

#### 1.    Standard

The party seeking to invoke the jurisdiction of a federal court bears the burden of establishing that jurisdiction exists. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 n. 3 (8th Cir. 1982)(citations omitted). To defeat a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction. Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted). Where the Court relies on only the pleadings and affidavits in making its decision, and does not conduct an evidentiary hearing on the issue of jurisdiction, it views the facts in the light most favorable to the non-moving party, and resolves all factual conflicts in favor of that party. Id. Where, as here, the moving party has filed no affidavits controverting the relevant allegations of complaint, the Court must take the allegations of the complaint as true. Cantrell v. Extradition Corporation of America, 789 F. Supp. 306, 308 (W.D. Mo. 1992).[4]

---

[4]Thus, as discussed by plaintiff, defendant Chessin's argument throughout his suggestions in support of his motion to dismiss that various of the allegations in the complaint are "unsupported" carries no weight in the Court's analysis. Further, defendant inaccurately cites to Dunmire v. Lee, 05-0774-CV-FJG (W.D. Mo. 2005) in his reply suggestions, stating that this Court has held that the burden is on plaintiff to make

4

A federal court may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause of the Constitution.  Pecoraro v. Sky Ranch For Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003). Because Missouri's long-arm statute has been construed to permit jurisdiction to the fullest extent permitted by the Due Process Clause, see Porter v. Berall, 293 F.3d 1073, 1074 (8th Cir. 2002), the Court will "turn immediately to the question of whether the assertion of personal jurisdiction would violate due process."  Id. at 1075.

A state may exercise personal jurisdiction over a nonresident defendant consistent with due process when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945)(quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  The defendant's contact with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  A party may anticipate being haled into court in a particular jurisdiction if it "purposefully directed" its activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)(citations omitted).  Furthermore, the contacts with the forum state must be more than random, fortuitous or attenuated.  Id. at 475.

---

a factual showing of jurisdiction.  In Dunmire v. Lee, the defendant provided affidavits and other evidence with his suggestions in support of his motion to dismiss, indicating a lack of direct contact with the state of Missouri. Defendant Chessin has provided no affidavits or other evidence that could be used by this Court in making its determination, and the Court cannot rely on defendant Chessin's unsubstantiated assertions in this instance.

5

Two types of personal jurisdiction exist: general and specific. If the exercise of jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum state, the exercise of personal jurisdiction is one of general jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 n.9 (1984). General jurisdiction is only applicable if the defendants' contacts with the forum state are continuous and systematic. Id. at 414. If, on the other hand, the cause of action arises out of or is related to a defendant's contacts with the forum state, the exercise of personal jurisdiction is one of specific jurisdiction. Id. at 414 n.8.

In the Eighth Circuit, courts examine five factors in determining whether a non-resident defendant's contacts are sufficient to support the exercise of personal jurisdiction in the forum state: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of the contacts; (3) the relationship between the cause of action and the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties. Pecoraro, 340 F.3d at 562. The first three factors are of primary importance, while the last two are of secondary importance. Id.[5]

2. Analysis

Defendant Chessin first argues that plaintiff's complaint against him must be dismissed in its entirety because plaintiff has failed to establish that defendant Chessin has sufficient systematic and continuous contacts with Missouri to support general jurisdiction over defendant Chessin. However, as noted by plaintiff in his response, this line of

---

[5] Defendant, in his suggestions in opposition, does not analyze the last two factors; thus, the Court will not make any findings as to these issues of secondary importance.

6

argument is inapplicable to plaintiff's complaint, as plaintiff asserts this Court has <u>specific</u> jurisdiction over defendant Chessin, not <u>general</u> jurisdiction.

The Court, therefore, will examine whether specific jurisdiction exists in this case. Plaintiff's complaint alleges: "Upon information and belief, Chessin acted outside of the jurisdiction and authority of the State of Colorado in issuing the out-of-state Administrative Subpoena, which ultimately lead to the bench warrant, arrest, detention and incarceration of Plaintiff" (Complaint, ¶ 37); "Upon information and belief, Chessin placed several phone calls to the Clay County Sheriff's Department regarding the arrest warrant of Plaintiff" (Complaint, ¶ 38); "Upon information and belief, during several of the phone calls to the Clay County Sheriff's Department, Chessin specifically instructed the Sheriff and/or officers of Clay County to pick up Plaintiff 'no matter what,'" (Complaint, ¶ 39); and "Upon information and belief, Chessin acted beyond the jurisdiction and authority of the State of Colorado in contacting the Clay County Department to have Plaintiff arrested" (Complant, ¶ 40).

Defendant Chessin asserts that the nature and quality of defendant's contacts with Missouri are insufficient to support specific jurisdiction, in that (1) placing a warrant on the NCIC system does not constitute purposeful availment; (2) defendant Chessin's acts were limited to providing the Colorado Court the information it needed to issue the warrant, and at the time the warrant was issued, defendant Chessin did not know defendant was located in Missouri; and (3) defendant Chessin lacked the authority to issue the warrant, and the warrant's issuance occurred due to the actions of a third party (the Colorado Court). As an initial matter, to the extent that defendant Chessin challenges the factual allegations of plaintiff's complaint without providing supporting affidavits, those challenges will be

disregarded by this Court. Further, defendant Chessin's argument ignores the additional allegations made in the complaint: that Chessin made calls to Missouri law enforcement officials, made demands that plaintiff be arrested in Missouri, knew that the arrest was unlawful and knew that he had no authority to act outside of Missouri. This Court agrees with plaintiff that these additional allegations, which must be taken as true at this stage of the litigation, support a conclusion that defendant knew that the brunt of the injury (plaintiff's arrest) would be suffered in Missouri and the acts were performed for the purpose of having their consequences felt in Missouri. This factor supports personal jurisdiction.

Defendant Chessin notes that quantity of contacts is not determinative in the Eighth Circuit's five factor analysis when specific jurisdiction is alleged (as opposed to general jurisdiction). Golden Trade v. Ev. R, Inc., No. 4:06CV1033 HEA, Lexis 78190, at *11 (E.D. Mo. 2007). Defendant then, however, states that the "only other contact Plaintiff has alleged between Colorado Defendant Chessin and Missouri was an unsupported allegation that Chessin made a series of phone calls to the Missouri Defendants. . . . Because this allegation is unsupported, it is insufficient and should not be considered." As discussed above, as defendant Chessin has not controverted the facts in plaintiff's complaint with his own affidavits, the Court accepts plaintiff's allegations as true. Defendant Chessin further argues that contact by phone or mail has been held to be insufficient to justify exercise of personal jurisdiction under the due process clause. Porter v. Berall, 293 F.3d 1073, 1076 (8th Cir. 2002); T.J. Raney & Sons, Inc. v. Sec. Sav. & Loan Assoc., 749 F.2d 523, 525 (8th Cir. 1984); Digi-Tel Holdings, Inc. v. Proteq Telecomm., Ltd., 89 F.3d 519, 523 (8th Cir. 1996). However, unlike the cases cited by defendant, this is not a situation where the defendant's alleged contacts with the state were random, attenuated or fortuitous. Instead,

8

defendant Chessin is alleged to have made telephone calls to Missouri law enforcement officials demanding the arrest of plaintiff. The alleged telephone calls to the state of Missouri are the basis of plaintiff's claims and the cause of plaintiff's alleged injury, and thus are sufficient to confer jurisdiction. See Quorum Radio Partners, Inc. v. Fowler, No. 08-3176-CV-S-ODS, 2008 WL 2980092 (W.D. Mo. Aug. 1, 2008).

As for the relation between defendant Chessin's alleged contacts with Missouri and plaintiff's cause of action, defendant Chessin again argues that plaintiff's allegations are "contrived and belied by the documents provided by Plaintiff reflecting that Chessin believed Plaintiff was in Kansas." However, as discussed previously, this Court views the facts in the light most favorable to plaintiff and resolves all factual conflicts in favor of plaintiff. The Court finds the allegations that defendant Chessin telephoned Missouri law enforcement officer are not incompatible with the notion that defendant Chessin once believed plaintiff resided in Kansas. Again, the Court finds that, given the allegations of the complaint, defendant Chessin's alleged contacts with Missouri are directly related to plaintiff's cause of action.

For all the foregoing reasons, defendant Chessin's motion to dismiss for lack of personal jurisdiction will be **DENIED.**

### B. Subject Matter Jurisdiction, Rule 12(b)(1)

Defendant argues that plaintiff failed to properly allege the basis for this Court's jurisdiction over his action.[6] In a "facial challenge to jurisdiction, all of the factual allegations

---

[6]Rule 12(b)(1) challenges to subject matter jurisdiction may be facial challenges, factual challenges, or both. The Court construes defendant's motion as a facial challenge, as defendant has not attached any evidence to his motion. In a factual challenge, "the court may receive competent evidence such as affidavits, deposition

9

Case 4:08-cv-00362-FJG   Document 35   Filed 10/30/08   Page 9 of 20

concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

Defendant Chessin makes three arguments that plaintiff's claims should be dismissed for lack of subject matter jurisdiction. First, defendant argues that plaintiff's Eighth Amendment claims ought to be dismissed. In response, plaintiff states he does not oppose "dismissal" of the two brief references, in paragraphs 41 and 48 of the Complaint, to plaintiff's right to be secure from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. Accordingly, the Court will consider plaintiff's Complaint (Doc. No. 1) to be **AMENDED** by interlineation to omit the references to the Eighth Amendment. However, the Court notes that the Eighth Amendment is not the only Constitutional Amendment mentioned in the Complaint; plaintiff also alleges that his Fourth, Fifth, and Fourteenth Amendment rights were violated. Therefore, this argument does not support dismissal in full of plaintiff's claims for lack of subject matter jurisdiction.

Second, defendant Chessin argues that he is not subject to jurisdiction as to plaintiff's tort claims because he is immune under the Colorado Governmental Immunity Act ("CGIA"), C.R.S. 24-10-101, et seq. In particular, defendant Chessin asserts that the claims against him do not fall within the exceptions set out in section 24-10-106(1). However, as noted by plaintiff in his response, C.R.S. 24-10-118(2)(a) indicates that where the act or omission of the defendant was "willful or wanton," statutory immunity does not

---

testimony, and the like in order to determine the factual dispute." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947)).

10

apply. Further, the CGIA does not apply to claims that arise out of acts or omissions of a public employee that are not "within the scope of [that employee's] employment." Id. Viewing the complaint in the light most favorable to plaintiff, the Court finds that plaintiff has alleged that defendant Chessin acted willfully and wantonly, and acted outside his authority (and therefore, one could argue, outside the scope of his employment). Furthermore, as noted by plaintiff, it is questionable whether the CGIA applies to this action at all, given that the injury allegedly occurred in Missouri. Defendant's motion to dismiss under the CGIA will be **DENIED.**

Third, defendant Chessin argues that, under the CGIA, claimants are required to provide statutory notice to the state or its employees prior to filing suit. See C.R.S. 24-10-109 (1), which provides:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury. Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

Plaintiff notes, however, that the statutory period of 180 days from the date of injury had not yet expired as of the date of filing the response to the motion, and thus defendant cannot complain that the statute has not been complied with. The Court further notes that this statute, by its own terms, does not apply to acts not "in the course of such employment," and may not apply at all to plaintiff's tort claims where the injury occurred in Missouri. Therefore, defendant's motion to dismiss for lack of subject matter jurisdiction will be **DENIED.**

11

### C. Venue, Rule 12(b)(3)

The venue statute applicable to this action provides that such actions may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Subsection (2) applies in this situation.

Defendant notes that, as to the Missouri defendants, venue in Missouri is likely proper. However, defendant argues that, "except for the unsupported allegations that Chessin telephoned Clay County officials and demanded the arrest of Plaintiff, each event cited by Plaintiff as giving rise to a cause of action against the Defendant occurred in Colorado." Again, as noted in plaintiff's response, plaintiff's allegations must be taken as true for purposes of this motion. This Court finds plaintiff's allegations sufficient to support venue in this district. Accordingly, defendant's motion to dismiss for improper venue will be **DENIED.**

### IV. Defendant Chessin's Suggestion in Support of his Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted (Doc. No. 20) and Plaintiff's Motion for Leave to File Supplemental Suggestions in Opposition to Defendant Chessin's Motion to Dismiss for Failure to State a Claim, with Suggestions in Support (Doc. No. 27)

Defendant Chessin moves to dismiss the claims against him for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6).The Supreme Court has recently considered the standard to apply in evaluating motions to dismiss for failure to state a claim upon which relief can be granted. In <u>Bell Atlantic Corp.</u>

12

v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (internal citations and quotations omitted). The Court went on to note that, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965 (internal citations and quotations omitted). The Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Defendant Chessin raises four arguments in his motion to dismiss pursuant to Rule 12(b)(6): (1) Eleventh Amendment immunity; (2) Res Judicata; (3) Absolute Prosecutorial Immunity; and (4) Qualified Immunity. The Court will examine each below.

### A. Eleventh Amendment Immunity

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state . . .." U.S. Const. Amend. XI. Furthermore, Eleventh Amendment immunity applies to state officials sued for damages

13

in their official capacity.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  However, Eleventh Amendment immunity does not protect state officials from being sued in their individual and personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991).

Defendant argues that "Plaintiff is suing Assistant Attorney General Chessin solely for monetary damages in his official capacity as an employee of the Colorado Attorney General's Office and the State of Colorado has not waived immunity."  However, it is clear from the caption of the complaint (Doc. No. 1) that plaintiff is suing defendant Chessin in both his individual and official capacity.  In his suggestions in opposition to this motion, plaintiff indicates that he does not object to an order confining his claims against Chessin to being individual capacity claims only.  See Doc. No. 25, p. 3.  Accordingly, plaintiff's official capacity claims against defendant Chessin are **DISMISSED** due to Eleventh Amendment immunity.  However, plaintiff's individual capacity claims against Defendant Chessin cannot be dismissed on these grounds.

### B. Res Judicata

In his opening brief, defendant Chessin argued that the Colorado Court of Appeals has already concluded that the administrative subpoenas were properly served on the business while plaintiff was an officer of the business.  Plaintiff, in his suggestions in opposition, indicates that (1) the Colorado Court of Appeals judgment is not final, and thus res judicata is inapplicable; and (2) defendant is incorrect in his assertion that an officer of a corporation may be punished by way of contempt for the corporation's failure to comply with process, regardless of whether that officer was aware of either the process itself or the proceeding for contempt.  Plaintiff also moves for leave to file supplemental suggestions

14

in opposition of this motion, attaching a recent ruling of the Colorado District Court. See Doc. No. 27.[7] For good cause shown, this motion will be **GRANTED**, and the Court will treat the information contained in Doc. No. 27 as properly-filed supplemental suggestions in opposition to the motion to dismiss. In his reply brief, defendant Chessin states that, "Because of pending issues in Colorado State Court Action Case No. 05-CV-1143 consolidated with 05-CV-1144, counsel believes it is prudent to withdraw the res judicata arguments at this time." The Court agrees; therefore, defendant's motion to dismiss on the grounds of res judicata is **WITHDRAWN**.

### C. Absolute Prosecutorial Immunity

"Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" Schenk v. Chavis, 461 F.3d 1043, 1046 (8th Cir.2006)(citations omitted). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." Id. Where a prosecutor's actions are investigatory or administrative, that individual is entitled only to qualified immunity. Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir.1996). In addition, the focus in determining the nature of the prosecutor's actions is "whether the [prosecutor's] act was closely related to his role as advocate for the state." Id. at 1267. The official seeking the protection of absolute

---

[7]Notably, in plaintiff's motion for leave to file supplemental suggestions in opposition to defendant Chessin's motion to dismiss for failure to state a claim (Doc. No. 27), plaintiff attaches an Order in Case No. 05-CV-1143 granting Hicks' request for sanctions against Chessin. Among the conclusions of the Colorado District Court is that Hicks had no knowledge of the subpoena served on Cash Advance, and thus his arrest violated due process. See Doc. No. 27, Ex. 1, p. 11.

15

prosecutorial immunity "'bears the burden of showing that such immunity is justified for the function in question.'" Anderson v. Larson, 327 F.3d 762, 768 (8th Cir.2003) (citing Burns v. Reed, 500 U.S. 478, 486 (1991)).

Defendant Chessin argues that, as he was functioning as a prosecutor when the contempt citation and the bench warrant were issued, he is absolutely immune from the consequences of these actions. Plaintiff responds that defendant Chessin's argument fails to take into account the other allegations regarding defendant Chessin's alleged instigation of plaintiff's arrest. Plaintiff further notes that a prosecutor's conduct in connection with the execution of an arrest warrant, as compared with the filing of a criminal information or procuring a particular arrest warrant, is not subject to absolute immunity. See Barr v. Abrams, 810 F.2d 358, 362 (2d Cir. 1987); Robinson v. Via, 821 F.2d 913, 918 (2d Cir. 1987).

The Court finds at this early stage of the proceedings and given the relatively limited briefing on this issue, the Court is unable to determine whether defendant Chessin's actions are "prosecutorial" rather than "investigatory or administrative."[8] In particular, the Court notes that the Supreme Court has held that providing legal advice to the police is not considered to be conduct that is subject to absolute prosecutorial immunity. See Burns v. Reed, 500 U.S. 478, 496 (1991). Given the allegations of plaintiff's complaint, it is possible that one of plaintiff's claims is that defendant Chessin provided improper advice to the

---

[8]Notably, although the standard of review is whether the actions alleged to be taken by defendant were prosecutorial rather than investigative or administrative, neither party utilized this framework in analyzing defendant Chessin's alleged actions.

16

Missouri defendants that caused his arrest and detention. See Doc. No. 1, ¶ 39.[9] Therefore, defendant Chessin's motion to dismiss on the basis of absolute prosecutorial immunity will be **DENIED**.

### D.     Qualified Immunity

Defendant Chessin finally invokes the doctrine of qualified immunity, which shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects "all but the plainly imcompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). The question of immunity should not be placed in the hands of the jury and should ordinarily be decided by the Court before trial. Hunter v. Bryant, 502 U.S. 224, 227-28 (1991).

Defendant Chessin argues that qualified immunity should apply because plaintiff cannot demonstrate direct personal participation of defendant Chessin in his arrest and detention. However, at this stage of the proceedings and taking plaintiff's allegations as true, plaintiff's complaint sufficiently alleges that the personal participation of defendant Chessin caused his injuries.

Furthermore, defendant Chessin asserts that plaintiff cannot prove that Chessin violated his Fourth and Fifth Amendment rights. The Court finds that, at this stage of the

---

[9]The Court does not intend to undertake an exhaustive analysis of all the possible bases for lack of absolute prosecutorial immunity; at this stage of the litigation, it is enough to point to one such basis.

proceedings, defendant Chessin has not demonstrated that he is entitled to qualified immunity. As discussed by plaintiff, the allegations of plaintiff's complaint support a theory that defendant Chessin knew (or should have known) that (1) plaintiff had not been notified of the document subpoena to which the contempt proceedings related; (2) plaintiff had never been notified of the contempt proceedings that produced the arrest warrant; (3) plaintiff was not an officer of the corporation at the time defendant requested the arrest warrant; and (4) the warrant could not be lawfully executed outside the state of Colorado. Plaintiff has also alleged that defendant Chessin caused his arrest by demanding that the Missouri police officials arrest plaintiff even though Chessin knew that the warrant could not be lawfully executed outside of the state of Colorado. These allegations, if true, could support findings of unlawful seizure under the Fourth and Fourteenth Amendments and violations of due process under the Fifth and Fourteenth Amendments.[10]

Accordingly, defendant's motion to dismiss on the basis of qualified immunity will be **DENIED.**

**V.      Colorado Defendant Chessin's Suggestion In Support of his Motion to Stay**

---

[10]Although this Court does not at this time take a position on this issue, the Court notes that the Colorado Court indicated that it was "perplexed and troubled by the Attorney General's erroneous and rather cavalier view of due process, jurisdiction, federalism, and this Court's power to reach out and cause the arrest of a resident of another state." See Ex. 1 to Doc. No. 27, p. 9. The Colorado Court also indicated that "the Attorney General's position that it may procure the arrest of an individual corporate officer without showing that that officer was served with the citation or order or at least knew about them, is completely and utterly unsupported by any law, and flies in the face of the most basic concepts of due process, concepts that have been settled in this exact context–corporate contempt–for more than a hundred years." See id. at pp. 10-11. Again, without making a final finding as to the underlying issues in this case, the Court finds that plaintiff has adequately demonstrated, through his pleadings and filings to date, factual allegations sufficient to raise a right to relief above the speculative level.

18

**Discovery (Doc. No. 21)**

Defendant Chessin requests that all discovery be stayed pending resolution of defendant Chessin's motion to dismiss on the basis of qualified immunity. As discussed above, that motion to dismiss is denied. Therefore, defendant Chessin's motion to stay discovery (Doc. No. 21) will be **DENIED** as well.

**VI. Conclusion**

Therefore, for the foregoing reasons:

(1) Defendant Chessin's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, and Improper Venue (Doc. No. 15) is **GRANTED IN PART** as it relates to plaintiff's Eighth Amendment claims and **DENIED IN PART** as to all other aspects;

(2) Defendant Chessin's Suggestion in Support of his Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted (Doc. No. 20) is **GRANTED IN PART** as it relates to claims against defendant Chessin in his official capacity and **DENIED IN PART** as to all other aspects;

(3) Defendant Chessin's Suggestion in Support of his Motion to Stay Discovery (Doc. No. 21) is **DENIED**;

(4) Plaintiff's Motion for Leave to File Supplemental Suggestions in Opposition to Defendant Chessin's Motion to Dismiss for Failure to State a Claim, with Suggestions in Support (Doc. No. 27) is **GRANTED**, and the Court treats the information contained in Doc. No. 27 as properly-filed supplemental suggestions in opposition to the motion to dismiss; and

(5) Defendant Paul Chessin's Motion for 14 Day Enlargement of Time to File Reply in Support of his Fed. R. Civ. P. 12(b)(6) Motion to Dismiss and Reply to Plaintiff's Opposition to the Stay (Doc. No. 31) is **GRANTED** and the Court treats Defendant Chessin's reply suggestions (Doc. No. 33) as timely-filed.

**IT IS SO ORDERED.**

Date: 10/30/08                                         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                  Fernando J. Gaitan, Jr.
                                                       Chief United States District Judge