# IN THE WESTERN DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL W. HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08-0362-CV-W-FJG |
| ) | |
| ASSISTANT ATTORNEY GENERAL OF ) | |
| THE STATE OF COLORADO, ) | |
| PAUL CHESSIN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff's Motion to Enforce Settlement Agreement (Doc. No. 95).

Plaintiff's counsel indicates that a settlement agreement was negotiated between plaintiff's counsel and defendant's former counsel Robert Numrich on September 1, 2009, as plaintiff's counsel was about to travel to Colorado to take defendant Chessin's deposition. Following the purported settlement, numerous e-mail messages and telephone calls were exchanged with counsel, and Mr. Numrich negotiated the terms of the settlement agreement with plaintiff's counsel (see attachments to Doc. No. 95). On October 27, 2009, however, plaintiff's counsel received a call from someone who identified himself as an attorney hired by the State of Colorado to retain local counsel in other jurisdictions where Colorado employees were sued. This person told plaintiff's counsel that Mr. Numrich had not been authorized to settle this case by defendant Chessin, nor had the state of Colorado authorized the settlement. On July 23, 2010, the Court held an evidentiary hearing

regarding plaintiff's motion.

Defendant, as the party challenging the settlement agreement, has the burden of proof that the settlement agreement was not authorized.  See Kenney v. Vansittert, 277 S.W.3d 713, 720-21 (Mo. App. 2008) (presumption is that an attorney of record has authority to negotiate and agree to a settlement).  After considering the evidence set forth at the hearing on July 23, 2010, as well as the parties' arguments set out in their various briefs, the Court finds that defendant has met his burden, demonstrating that the settlement entered into by counsel Numrich was not authorized by defendant Chessin.  Therefore, plaintiff's motion to enforce (Doc. No. 95) will be **DENIED**.

In addition, the Court notes that the majority of deadlines established by the Court's Scheduling and Trial Order (Doc. No. 84) have elapsed.  Therefore, the parties are **ORDERED** to confer and provide an amended joint proposed scheduling and trial order on or before **AUGUST 12, 2010.**

**IT IS SO ORDERED.**

                                                **/S/FERNANDO J. GAITAN, JR.**
Dated:   07/27/10                    Fernando J. Gaitan, Jr.
Kansas City, Missouri                Chief United States District Judge